*693 Contracts; Wunderlich Act review; standard changes clause; constructive acceleration; weather-caused delays.— Plaintiff seeks review under Wunderlich Act standards of denial by the Interior Board of Contract Appeals of plaintiffs claim for constructive acceleration. Plaintiff contracted with defendant to construct by a certain date concrete footings or steel towers in a section of a transmission line in Shasta County, California. Completion of the work before onset of winter icing conditions was urgent. Although work was interrupted and hampered by unexpected snow storms, plaintiff timely completed the job. The Board determined that plaintiff was entitled to a 10-day time extension because of unforeseeable and unusually severe weather conditions. In the present action plaintiff asserts entitlement to costs of additional work performed, arguing that it incurred extra expense in meeting the completion date at the direction of defendant. On April 30, 1980 Trial Judge Kenneth R. Harkins filed a recommended opinion (reported in full at 27 CCF para. 80,392) agreeing with the Board that no constructive acceleration had occurred. The trial judge held that to be successful, a claimant for constructive acceleration must prove: the contractor has encountered excusable delay for which it is entitled to a performance time extension; the contractor timely requested a time extension on account of such delay; a failure or refusal by the contracting officer to grant the extension; the contracting officer, either by express order or by other actions, clearly indicated that the contractor was required to complete performance within the original time schedule or in a lesser time than would have been available had time extensions been allowed; and the contractor in fact has accelerated performance and the acceleration has increased its costs. The trial judge agreed with the Board that plaintiff unilaterally decided to take steps to meet the scheduled completion date due to the considerable amount of work already completed and improved weather conditions. Plaintiff failed to prove that its request for a time extension had been denied or that the failure of the defendant to act in the circumstances here was equivalent to a denial for purposes of a constructive acceleration. Plaintiff also failed to show that during performance *694 Government representatives by order or suggestion were responsible for plaintiffs additional effort. On June 13, 1980 the court, by order, adopted the recommended decision as the basis of its judgment in this case, granted defendant’s motion for summary judgment, denied plaintiffs cross-motion for summary judgment, and dismissed the petition.